of sixty days, without costs. Motion to consolidate the records upon the two pending appeals denied, without costs. Present — Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ.

In the Matter of the Judicial Settlement of the Accounts of CARRIE B. L. HUMPHREY and Another, as Executrices, etc., of RUTH NEWEY SMITH, Deceased, Appellants. ROBERT BURNSIDE, Appellant.— The provision in the decree discharging the special guardian from further consideration of the matter amounted in effect to a removal of the special guardian, but the surrogate was without jurisdiction to appoint a successor after the appeal was perfected to this court, and his attempted appointment of a special guardian after the appeal had been perfected was without authority and consequently void. There is nothing in the papers indicating unfitness on the part of the person who has heretofore acted, and inasmuch as he is familiar with the various proceedings which have been had in the Surrogate's Court, the motion is granted, and Robert Burnside is appointed special guardian to represent Albert Charles P. Smith, Bradley Newey Smith and Ruth Kasefang Smith, infants, and Wellington Smith, in the military service of the United States, upon the appeal. Present — Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ.

In the Matter of ROSE M. PACKER, Respondent, v. LOUIS DE JONGE & COMPANY, Appellant, and Others, Defendants. (Appeal No. 2.) — Motion granted, without costs. Present — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ.

SAMUEL RUBIN, Respondent, v. ARCHIBALD H. WHAN, Appellant.— Motions denied, without costs. Present — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ.

WILLIAM E. T. SMITH, Appellant, v. AMZA W. BIGGS, as Sheriff of Suffolk County, Respondent.— Motion granted, without costs. Present — Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ.

ADA WATERMAN, Respondent, v. ALEXANDER RIGBY, Appellant, Impleaded with Others.— Motion for a reargument denied. In our decision handed down [see ante, p. 895] we proposed to exercise our original jurisdiction under section 1317 of the Code of Civil Procedure and enter the judgment which we thought should have been entered below. On consideration we think it better to reverse the judgment and order a new trial, with costs to abide the event. If it should be necessary to move for restitution under section 1323 of the Code of Civil Procedure, the question whether the purchaser at the sale under the judgment pending the appeal, bought in good faith and for value, can be determined on such motion. Present — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ. Order and judgment to be settled before Mr. Justice Blackmar.

WALTER B. WELLBROCK, Appellant, v. JACOB H. KOHLMAN, etc., and Others, Respondents.— Motion denied, without costs. Present — Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ.

DAVID E. ALLEN, Appellant, v. ISAAC OPPENHEIM and ANNIE DAVIDSON, Respondents.— Judgment of the City Court of Yonkers unanimously